## THE PEOPLE v. RAMÚ.

APPEAL from the District Court of Ponce.

MOTION of *fiscal* to dismiss appeal.

No. 500.—Decided December 20, 1912.

Appeal dismissed on motion of *fiscal.*
Mr. *Charles E. Foote, fiscal,* for The People.
The respondent did not appear.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

The dismissal filed by the *fiscal* in this case is identical with that filed in Nos. 490, 491, and 494. In fact, one seems to have been a copy of the other, changing only the names, dates, etc., to suit the proper case.

All the reasons given in the preliminary remarks in No. 490 are applicable to this case also, and are effective on my mind in causing me to disagree with my colleagues as to their action heretofore taken.

This is an appeal from an order made in a *habeas corpus* proceeding liberating a prisoner. Ramú had been accused before the municipal judge of burning his house in order

to get the insurance, and he was committed to jail on default of a $2,000 bond.

The judge *a quo* on *habeas corpus* held that there was no evidence whatever that the burning was the work of an incendiary, and for that reason did not consider the guilty agency of the prisoner, nor the excess in the amount of the bond fixed for his provisional liberation.

I have not deemed it necessary to examine the facts critically, as contained in the record. Generally, appeals from decisions on *habeas corpus,* especially where the applicant is liberated, should not be encouraged. The accused, if guilty, can readily be rearrested if liberated on *habeas corpus;* and, if innocent, can apply for another writ if he should be remanded to prison. It is only in rare cases that an appeal should be taken from a ruling made on *habeas corpus.* There are too many such appeals filed in this court; and had the *fiscal* made a proper showing in this case on a motion directed to the discretion of the court, as should have been done, his request for a dismissal of the appeal might very properly have been granted. But as this course was not taken and I regard the resolution entered herein as mere waste paper, I cannot agree to the same. Hence my dissent.